UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:10-CR-46-F1
No. 2:12-CV-73-F

| | |
|---|---|
| LATORY MARFIA RHINES, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on the Petitioner's Motion to correct his sentence pursuant to 28 U.S.C. § 2255 [DE-64]. The Petitioner, Latory Marfria Rhines ("Rhines"), raises a variety of constitutional challenges to his sentence. The Government has filed a motion to dismiss the petition pursuant to Federal Rule of Civil Procedure 12(b)(6) [DE-71]. The Government's motion to dismiss is ALLOWED and the petition is DISMISSED.

**FACTUAL BACKGROUND**

Pursuant to a written plea agreement, Rhines pled guilty to possession of a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g)(1), and distribution of a quantity of cocaine base, 21 U.S.C. § 841(a). The court sentenced Rhines to concurrent 98-month terms of imprisonment. At his sentencing, Rhines objected to a sentencing enhancement for possession of a semi-automatic firearm capable of accepting a large capacity magazine. In response, the Government called an agent with the Bureau of Alcohol, Tobacco, and Firearms who participated in Rhines's arrest. The agent testified that a confidential informant informed him that Rhines was attempting to sell a semi-automatic weapon capable of accepting a large capacity magazine.

The agent also testified that he considered the confidential informant credible and reliable. The court overruled Rhines's objection and imposed the enhanced sentence.

Rhines timely appealed his convictions and sentence. The Fourth Circuit affirmed Rhines's convictions and dismissed his challenges to his sentence as barred by the appellate waiver in his plea agreement. *United States v. Rhines*, 472 F. App'x 243 (4th Cir. 2012). Rhines argued on direct appeal that his Fifth and Sixth Amendment rights were violated and he was effectively convicted of uncharged crimes when the court overruled his objection to the sentencing enhancement. *See* Brief for Appellant at 10-19, *United States v. Rhines*, 472 F. App'x 243 (4th Cir. 2012) (No. 11-4636).

Rhines asserts the following claims in the instant petition: (1) he contends that he was convicted of uncharged crimes in violation of the Fifth Amendment when the court enhanced his sentence for possession of a firearm with a 30-round magazine (ground one), (2) that his Sixth Amendment confrontation clause rights were violated at his sentencing (grounds two and three); and (3) that his trial counsel rendered constitutionally ineffective assistance of counsel when he failed to raise these issues at Rhines's sentencing.

## DISCUSSION

The Government moves to dismiss the petition under Federal Rule of Civil Procedure 12(b)(6).[1] The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency

---

[1] Curiously, the Government does not seek enforcement of the § 2255 waiver in the plea agreement, which is the basis upon which the Fourth Circuit dismissed Rhines's challenges to his sentence on appeal. Because the Fourth Circuit did not address the merits of Rhines's challenges to his sentence, the court does not consider Rhines's claims barred by *Boeckenhaupt v. United States*, 537 F.2d 1182 (4th Cir. 1976). In *Boeckenhaupt*, the Fourth Circuited held that issues "previously decided" on direct appeal may not be raised again in a § 2255 petition. *Id.* at 1183. Because the Fourth Circuit dismissed the appeal on the basis of the plea agreement waiver, it did not decide the issues raised in Rhines's petition.

of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). While the court accepts the well-pleaded factual allegations as true, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" when deciding a Rule 12(b)(6) motion. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Even assuming the truth of Rhines's factual allegations, all of his claims lack merit. The Sixth Amendment confrontation clause does not apply to sentencing proceedings. *United States v. Umana*, 750 F.3d 320, 346-47 (4th Cir. 2014). And sentencing enhancements based on relevant conduct do not constitute separate crimes that must be charged in an indictment and proved beyond a reasonable doubt. *United States v. Melton*, 970 F.2d 1328, 1331-32 (4th Cir. 1992); *United States v. Johnson*, 199 F. App'x 282, 284 (4th Cir. 2006). Because these two claims lack merit, Rhines's counsel could not have been constitutionally ineffective for failing to raise them.[2]

---

[2] Rhines also alleges that counsel was constitutionally ineffective for failing to request an evidentiary hearing related to his objections to the presentence report. Contrary to Rhines's allegations, he received an evidentiary hearing addressing each of his current challenges to his sentencing enhancements. *See* Sentencing Transcript [DE-57]. Although this evidence goes beyond the factual allegations of the complaint, the Fourth Circuit has held that district courts may consider items [cont.]

3

Finally, Rhines has filed a "supplemental brief added to my 2255" [DE-78]. Therein, Rhines argues he is also entitled to collateral relief under *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013). The court construes this supplemental brief as a request to amend the § 2255 petition under Federal Rule of Civil Procedure 15(a). The court has reviewed the *Alleyne* case and Rhines's supplemental brief. Even assuming *Alleyne* applies to cases on collateral review, Rhines's sentence does not contravene the *Alleyne* decision. Therefore, the request to amend the petition is DENIED as futile.

## CONCLUSION

The Government's motion to dismiss [DE-71] is ALLOWED, Rhines's motion to vacate [DE-64] is DENIED, and the petition is DISMISSED. Rhines's supplemental brief [DE-78], which the court construes as a motion to amend his § 2255 petition is DENIED. The Clerk of Court is DIRECTED to close this case.

## CERTIFICATE OF APPEALABILITY

Having denied Rhines's § 2255 petition, the court must determine if he has made a sufficient showing to entitle him to a Certificate of Appealability pursuant to § 2253(c). Section 2253(c) provides that:

> (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

---

appearing in the record of the case in the context of a Rule 12(b)(6) motion to dismiss. *Norfolk Fed'n of Bus. Districts v. City of Norfolk*, No. 96-1746, 1996 WL 671293, at *1 (4th Cir. Nov. 20, 1996).

4

A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the court finds that Rhines has not met the standard for issuance of a certificate of appealability. Therefore, a certificate of appealability also is DENIED.

SO ORDERED.

This the 14th day of July, 2014.

James C. Fox
JAMES C. FOX
Senior United States District Judge